UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE N. WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7414** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | **SECTION: "K"(1)** |

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 5). Defendant removed this action under 28 U.S.C. § 1332, contending that the only non-diverse party, Defendant David A. Felix, is improperly joined. Defendants maintain that action against Felix is perempted by Louisiana Revised Statutes, § 9:5606. The statute provides for a one-year/three-year peremptive period for actions against insurance agents. LA. REV. STAT. ANN. § 9:5606 (2006).

The Court previously addressed the application of this statute in the context of motions to remand in which there is an assertion of improper joinder. *Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (misrepresentations could not have been justifiably relied upon because they could have been discovered upon issuance of the policy given the policy's clear language); *see also Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at

*10-11 (E.D. La. July 21, 2006) (Vance, J.) (misrepresentations made at renewal period could not be justifiably relied upon if policy language is clear as to extent of coverage). This Court in *Clover* held that the peremptive period commenced upon issuance of the policy because any alleged misrepresentations could have been discovered given the policy's clear language regarding extent of coverage. *Id.*

The policies in this case were issued in December 1982 (homeowner's policy) and March 1983 (flood policy) respectively, and suit was not filed until well beyond three years after issuance of the policy. *See* Notice of Removal, at ¶ 15 (Rec.Doc.No. 1).

Based on the section 9:5606, Court finds that the claims against the insurance agent are perempted because they have been brought over three years after issuance of the policy.

The Court also finds that because any claims against him are perempted, Defendant Felix is improperly joined in this action, and with his dismissal, the Court can exercise subject matter jurisdiction over the proceeding under 28 U.S.C. § 1332, as there exists complete diversity among the parties. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant David A. Felix is **DISMISSED**.

New Orleans, Louisiana, on this __18th__ day of December, 2006.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**